UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OCCIDENTAL CHARTERING, INC.,

    Plaintiff,

-against-

HIGH SEAS NAVIGATION PTE LTD.

    Defendants.

06 CV



VERIFIED COMPLAINT

    **PLEASE TAKE NOTICE** that Plaintiff, OCCIDENTAL CHARTERING INC, ("OCCIDENTAL"), by its attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendant, HIGH SEAS NAVIGATION PTE LTD. ("HSN"), alleges, upon information and belief, as follows:

    1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's diversity, pendent, supplementary and ancillary jurisdiction.

    2.    Plaintiff is a legal entity duly organized and existing pursuant to the laws of a foreign country.

    3.    Defendant HSN is a business entity organized and existing pursuant to the laws of a foreign country with offices and a place of business located at E-12-18 Plaza Mont Kiara Jalan, 1/70C, Mont Kiara Kuala Lumpur, 50480 Malaysia.

    4.    Defendant HSN is a business entity organized and existing pursuant to the laws of a foreign country with offices and a place of business located at 110 Middle Road # 09-00, Chiat Hong Bldg, Singapore 188968.

5. By charter dated December 23, 2003, OCCIDENTAL time chartered the M/V META from the vessel's owners, LIMBA SHIPPING CORPORATION.

6. By sub-charter dated March 31, 2004, OCCIDENTAL time chartered the M/V META to HSN.

7. Pursuant to the time charter, the vessel owners have commenced arbitration against OCCIDENTAL to recover for, among other aspects, damages representing the payment made to obtain release of the vessel from arrest by the vessel's owners to the consignees of cargoes carried during the aforesaid voyage, as well as additional port dues, agency fees at Lagos, loss of hire, survey fees and other costs and damages, including interest and legal fees, totaling at least $130,000.00.

8. As a result of the foregoing, OCCIDENTAL has incurred, and will continue to incur, costs and expenses for which HSN is liable under the terms of the time charter between OCCIDENTAL and HSN.

9. OCCIDENTAL has placed HSN on notice of OCCIDENTAL's claim that HSN has breached the time charter.

10. Despite OCCIDENTAL's repeated demands, HSN has failed to pay the amounts due and owing to OCCIDENTAL under the time charter.

11. Pursuant to the time charter, disputes are to be settled by arbitration, and OCCIDENTAL has commenced arbitration with HSN, accordingly.

12. Under the rules of such arbitration, interest, costs, and attorneys' fees are routinely awarded to the prevailing party.

13. As a result of defendant's breach of the voyage charter, plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts, exclusive of interest, by way of arbitral award:

| | |
|---|---|
| Principal Claim | $130,000.00 |
| Attorneys' and Expert's Fees | $20,000.00 |
| Arbitration Expenses | $10,000.00 |
| **Total** | **$160,000.00** |

14. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

15. All conditions precedent required of Plaintiff in the aforesaid shipments have been performed.

16. HSN cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, HSN has or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York, Citibank, HSBC Bank USA N.A., J.P. Morgan Chase, Standard Chartered Bank, Siam Commercial Bank, Wachovia Bank N.A., Deutsche Bank AG, and/or DBS Bank Ltd, which are believed to be due and owing to HSN.

17. For the purpose of obtaining personal jurisdiction over Defendant and securing Plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of HSN, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving

through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That, since Defendant HSN cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York, Citibank, HSBC Bank USA N.A., J.P. Morgan Chase, Standard Chartered Bank, Siam Commercial Bank, and/or Wachovia Bank N.A., Deutsche Bank AG, DBS Bank Ltd., and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of $160,000 to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

C. That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

      D.    That Plaintiff has such other and further relief as this Honorable Court may deem just and proper.

Dated: New York, NY
      February 5, 2007

      Respectfully submitted,

      MAHONEY & KEANE, LLP.
      Attorneys for Plaintiff
      **OCCIDENTAL CHARTERING, INC.**

By: _/s/ Edward A. Keane_
      Edward A. Keane, Esq. (EK 1398)
      111 Broadway, 10th Floor
      New York, NY 10006
      Tel. (212) 385-1422
      Fax (212) 385-1605
      Our File No. 67/3363/B/07/1

- 6 -

## SERVICE LIST

HIGH SEAS NAVIGATION PTE LTD.
E-12-18 Plaza Mont Kiara Jalan
Mont Kiara Kuala Lumpur,
50480 Malaysia

HIGH SEAS NAVIGATION PTE LTD.
110 Middle Road # 09-00
Chiat Hong Bldg,
Singapore 188968

## ATTORNEY VERIFICATION

STATE OF NEW YORK     :
                      : SS.:
COUNTY OF NEW YORK    :

1.  My name is EDWARD A. KEANE.

2.  I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3.  I am the attorney for Plaintiff, OCCIDENTAL CHARTERING, INC., in this action. I am fully authorized to make this Verification on its behalf.

4.  I have read the foregoing Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5.  The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6.  The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated: New York, New York
    February 5, 2007

Edward A. Keane (EK 1398)