ORIGINAL

JUDGE RAKOFF

**07 CV 876**

RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/8/07

OCCIDENTAL CHARTERING, INC.,

Plaintiff,

-against-

HIGH SEAS NAVIGATION PTE LTD.

Defendants.

**EX PARTE** ORDER FOR

PROCESS OF MARITIME

ATTACHMENT

WHEREAS, on February 6, 2007, Plaintiff OCCIDENTAL CHARTERING, INC. ("OCCIDENTAL"), filed a Verified Complaint herein for damages in the amount of $160,000.00 (ONE HUNDRED SIXTY THOUSAND DOLLARS), exclusive of interest, costs and reasonable attorney's fees, and praying for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and

WHEREAS, the Process of Maritime Attachment and Garnishment would command the United States Marshal or other designated process server attach any and all of Defendant's property within the District of this court; and

WHEREAS, the Court has reviewed the Verified Complaint and the Supporting Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby

ORDERED, that process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for Defendant, HIGH SEAS NAVIGATION PTE LTD ("HSN"), or any other similarly named corporations, by any garnishees within this District, including but not limited to Bank of America, Bank of New York, Citibank N.A., HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Siam Commercial Bank, Wachovia Bank N.A., Deutsche Bank AG, and/or DBS Bank Ltd., in the amount of $160,000.00 (ONE HUNDRED SIXTY THOUSAND DOLLARS) pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and it is further

ORDERED, that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to this Court, be entitled to a prompt hearing at which Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relieve granted, and it is further

ORDERED, that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court, and it is further

ORDERED, that following initial service by the United Stated Marshal or other designated process served upon such garnishee, that supplemental or subsequent service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or e-mail to each garnishee and that such garnishee personally served shall furnish to Plaintiff's counsel, the U.S. Marshal or designated process server a facsimile number or e-mail address to which supplemental and/or subsequent services may be made or other verifiable electronic means, including e-mail, if transmitted from within the District shall be deemed to have been made within the district; and it is further

ORDERED, that service on any garnishee as described above is deemed effective continuous services throughout the day from the time of each service through the opening of the garnishee's business the next business day, and it is further

ORDERED, that pursuant to Federal Rule of Civil Procedure (5(b)(2)(D) each garnishee may consent in writing to accept service by any other means, and it is further

ORDERED, that a copy of this Order be attached to and served with said process of maritime Attachment and Garnishment.

NOW, on reading and filing the Affidavit of EDWARD A. KEANE, sworn to February 5, 2007, and good cause having been shown, it is hereby

FURTHER ORDERED, that Edward A. Keane, Cornelius A. Mahoney, Garth S. Wolfson, Jorge A. Rodriguez, Marie Cush, or any other partner, associate, paralegal or other agent of MAHONEY & KEANE, LLP be and is hereby appointed, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment and the Verified Complaint, together with any interrogatories, upon garnishee(s) Bank of America, Bank of New York, Citibank N.A., HSBC Bank USA NA, J.P.Morgan Chase, Standard Chartered Bank, Siam Commercial Bank, Wachovia Bank N.A., Deutsche Bank AG, and/or DBS Bank Ltd., together with any other garnishee(s) who (based upon information developed subsequent hereto by Plaintiff may hold assets of, for, or on behalf of Defendant.

Dated: New York, New York

February 7, 2007

_____
U.S.D.J.